IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| BUCKEYE CORRUGATED, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEAR WALKER INDUSTRIES, LLC, <br><br> Defendant. | Civil Action No. _____ <br><br> JURY DEMAND ENDORSED HEREON |

## COMPLAINT

Plaintiff Buckeye Corrugated, Inc. ("Plaintiff"), for its Complaint against Defendant Bear Walker Industries, LLC ("Defendant" and with Plaintiff, the "Parties"), states and avers as follows:

## THE PARTIES

1. Plaintiff is a Delaware corporation with its principal place of business at 822 Kumho Drive, Suite 400, Fairlawn, Ohio 44333.

2. Defendant is an Alabama limited liability company with its principal place of business at 8020 American Way, Daphne, Alabama 36526.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because (a) Plaintiff is a Delaware corporation, (b) Defendant is an Alabama limited liability company and, upon information and belief, none of the members (or the members of the members) of Defendant are citizens of the State of Delaware, and (c) the damages in this action exceed $75,000, exclusive of interest and costs.

4. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

5. Plaintiff is a manufacturer and provider of corrugated packaging products.

6. Defendant is a manufacturer of specialized skateboards.

7. During the period from late 2021 through Spring 2022 (the "Shipment Period"), Defendant engaged Plaintiff to provide it with packaging products (collectively, the "Services").

8. As part of the Services, Defendant requested that Plaintiff source and ship it packaging foam, as Defendant was having trouble sourcing foam from its original supplier. Defendant asked Plaintiff to use its well-established industry connections to supply and ship foam to Defendant.

9. The Parties entered into a purchase order and invoice relationship with respect to the Services. A true and correct copy of the statement of account from Plaintiff to Defendant is attached hereto as **Exhibit A** (the "Statement of Account"). A true and correct copy of each invoice issued from Plaintiff to Defendant is attached hereto as **Exhibit B**.

10. Each purchase order issued from Plaintiff to Defendant was subject to Plaintiff's Terms and Conditions of Sale (the "Terms and Conditions"). Among other things, the Terms and Conditions state that "any purchase order or other form of acceptance issued by [Defendant] will result in a contract for the purchase of [g]oods at the price quoted…" and "payment shall be made within 30 days of the invoice date." *See* §§ 2-3. A true and correct copy of the Terms and Conditions is attached hereto as **Exhibit C**.

11. The Services were requested by, and for the benefit of, Defendant.

12. Defendant did not pay the charges incurred by Plaintiff (the "Unpaid Charges").

13. The Unpaid Charges are not less than $98,129.82.

2

14. By letter dated June 2, 2022 (the "First Demand Letter"), Plaintiff demanded that Defendant pay the Unpaid Charges by June 9, 2022. A true and correct copy of the First Demand Letter is attached hereto as **Exhibit D**.

15. By letter dated June 16, 2022 (the "Second Demand Letter"), Plaintiff renewed its demand that Defendant pay the Unpaid Charges.

16. Despite these repeated demands, Defendant has failed to pay the Unpaid Charges.

## COUNT I
### (Breach of Contract)

17. Plaintiff incorporates by reference paragraphs 1 through 16 above as if fully set forth hereafter at length.

18. Plaintiff and Defendant entered into valid and enforceable purchase orders.

19. Each purchase order issued from Plaintiff to Defendant was subject to Plaintiff's Terms and Conditions.

20. Defendant is bound by the Terms and Conditions incorporated by the purchase orders from Plaintiff to Defendant.

21. Defendant breached its contractual obligations under the Purchase Orders by failing to pay the Unpaid Charges associated with the Services provided by Plaintiff.

22. As a result of Defendant's breach, Plaintiff has incurred damages and is entitled to receive from Defendant at least Ninety-Eight Thousand and One Hundred Twenty-Nine Dollars and Eighty-Two Cents ($98,129.82), plus pre-judgment interest, post-judgment interest, reasonable attorneys' fees, and costs.

## COUNT II
### (Unjust Enrichment)

23. Plaintiff incorporates by reference paragraphs 1 through 22 above as if fully set forth hereafter at length.

24. As described above, during the Shipment Period, Plaintiff performed the Services on behalf of Defendant.

25. Defendant promised to pay Plaintiff for the Services and the charges related to the Services and Purchase Orders.

26. Plaintiff provided the Services, Defendant was aware of the Services being provided, and Defendant received the benefit of Plaintiff's Services.

27. The benefits conferred upon Defendant are at the expense of, and to the detriment of, Plaintiff.

28. Defendant has a legal and/or equitable obligation to pay the Unpaid Charges.

29. It is against equity and good conscience for Defendant to retain the benefit of Plaintiff's services without payment or restitution.

30. As a result, Plaintiff has incurred damages and is entitled to receive from Defendant at least Ninety-Eight Thousand and One Hundred Twenty-Nine Dollars and Eighty-Two Cents ($98,129.82), plus pre-judgment interest, post-judgment interest, reasonable attorneys' fees, and costs.

## COUNT III
### (Action on Account Stated)

31. Plaintiff incorporates by reference paragraphs 1 through 30 above as if fully set forth hereafter at length.

15932582 v1

32. During the period from late 2021 through Spring 2022, Plaintiff submitted to Defendant invoices for charges due and owing to Plaintiff in the amount of $98,129.82.

33. Defendant used the products provided by Plaintiff.

34. On June 2, 2022, and again on June 16, 2022, Plaintiff demanded that Defendant pay the Unpaid Charges.

35. Defendant has failed to pay the balance owed on the account despite multiple requests for payment.

36. As a result, Plaintiff has incurred damages and is entitled to receive from Defendant at least Ninety-Eight Thousand and One Hundred Twenty-Nine Dollars and Eighty-Two Cents ($98,129.82), plus pre-judgment interest, post-judgment interest, reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff Buckeye Corrugated, Inc. demands judgment be entered in its favor and against Defendant Bear Walker Industries, LLC on all claims for relief and providing the following:

   a. Damages in an amount not less than Ninety-Eight Thousand and One Hundred Twenty-Nine Dollars and Eighty-Two Cents ($98,129.82);

   b. Pre- and post-judgment interest to the extent permitted by law;

   c. Reasonable attorneys' fees and costs; and

   d. All other just and appropriate relief determined by the Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury, by the maximum number of jurors permitted by law, on all issues so triable herein.

Date: July 25, 2022

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

  */s/ Eric Larson Zalud*
Eric Larson Zalud
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  (216) 363-4178
Facsimile:  (216) 363-4588
ezalud@beneschlaw.com

*-and-*

Kevin M. Capuzzi
John C. Gentile
1313 North Market Street, Suite 1201
Wilmington, Delaware 19801
Tel: (302)-442-7010
Fax: (302)-442-7012
Email: kcapuzzi@beneschlaw.com
          jgentile@beneschlaw.com

*Counsel for Plaintiff Buckeye Corrugated, Inc.*

15932582 v1